IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

STEVEN A. McKINNEY                                                                                    PLAINTIFF

      v.                      Civil No. 6:08-cv-06114

DEPUTY JOSH CANON;
DEPUTY GARY DORIS;
DEPUTY MICHAEL RIMA;
DEPUTY BILLY BLACKMON;
DEPUTY COURTNEY HENRY;
DEPUTY DONALD ANSLEY;
and DEPUTY RICHARD HUFFMAN                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Steven A. McKinney (hereinafter McKinney) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on December 18, 2008. His complaint was filed *in forma pauperis*.

On September 10, 2009, Defendants filed a motion for summary judgment (Doc. 22). On June 15, 2010, I entered an order (Doc. 25) directing McKinney to complete, sign and return an attached questionnaire that would serve as his response to the summary judgment motion.

McKinney's response to the questionnaire was to be returned by July 14, 2010. On June 24th, the Court order and questionnaire were returned as undeliverable with a notation that McKinney had been paroled. No other address is available for McKinney.

Local Rule 5.5(c)(2) provides in part as follows:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

In view of McKinney's failure to respond and the provisions of Rule 5.5(c)(2), I therefore recommend McKinney's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court.  *See* Fed. R. Civ. P. 41(b).  **The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of August 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE